JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700
JEANETTE E. ALVARADO
Arizona Bar #016111
Asst. Federal Public Defender
Attorney for Defendant
jeanette_alvarado@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>  vs.<br><br>Eric Celaya,<br><br>       Defendant | Case No. CR-23-01456-PHX-MTL<br><br>**SENTENCING MEMO** |

Mr. Celaya asks that the Court impose a probationary sentence with a three-years of supervised release and consider he did not intend that the firearm he purchased in this case, be used by another in such a violent manner.  He is remorseful about being a part of that chain of events and would have never agreed to buy the firearm if he knew of the purchaser's true intentions.

### _U.S. Sentencing Factors_

U.S. law mandates the Court consider multiple factors, along with the sentencing guideline range, when deciding on the appropriate sentence that is "sufficient, but not greater than necessary" to impose a just sentence:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed—

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to ~~provide just punishment for~~ punish the offense;
**(B)** to afford adequate deterrence to criminal conduct;
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
**(3)** the ~~kinds of~~ sentences available.

18 U.S.C. 3553(a).

### *Mr. Celaya's Personal Characteristics & History*

Mr. Celaya is a relatively young man with strong family and community ties. He is a high school graduate and has taken some college classes. He has maintained consistent legitimate employment for most of his adult life, has strong and positive relationships with his family and friends, and is a likeable young man.    By no means is Mr. Celaya a violent man.  Nor is he the ~~kind of~~ person that harbors violent attitudes or wishes harm upon others.

Mr. Celaya has had struggles with his alcohol use which have led to problems with the criminal justice system.  He is working hard to resolve this issue, by following the Phoenix Municipal Court's orders:

- He completed a 36-day jail sentence
- He is completing the 144-day term on court-ordered supervision via electronic monitoring device that tracks any alcohol usage, which ends on February 13, 2025. Mr. Celaya is intent on finishing this program as it will provide him with a strong basis to continue his sobriety.
- Participating in substance abuse classes which must be completed by January 5, 2025.

- Completing 30 hours of community service, which he already started on October 15, 2024, volunteering at a local non-profit organization that feeds the hungry.

- Attending a Victim Impact Panel presentation on October 21, 2024, which has presentations from those who have faced real life DUI consequences as victims, so offenders are made acutely aware of the potential true-life consequences of drinking and driving.

Mr. Celaya has matured a lot going through this federal court process and the contemporaneous state court proceedings, and that growth will allow him to abide by court conditions placed upon him while on probation. Mr. Celaya understands that the probation office is recommending an eight-month jail sentence and asks that if the Court imposes a jail sentence, he be allowed to self-surrender on Tuesday, February 18, 2025, which would allow him to complete the CAM program which ends on Thursday, February 13, 2025, return the devices and prepare for self-surrender.[1]

**Offense Characteristics & Need for Sentence Imposed**

Mr. Celaya acknowledges the characteristics of the offense are serious and that he should have never accepted to do this for anyone, let alone a stranger.  He never thought it would turn out this way and the gun he purchased would be used by someone else to commit a violent crime.  Despite it all, Mr. Celaya is relieved and glad that this individual was caught. He is so sorry for the victims in that other individual's case and shudders when he imagines their painful experience. This

---

[1] If Mr. Celaya would not be allowed to self-surrender, the electronic bracelet on his person would have to be cut-off by US Pre-Trial, which would result in Mr. Celaya being charged for the equipment, which according to a cost sheet provided to Mr. Celaya that undersigned counsel reviewed, could be up to a maximum charge of $2275.

entire trajectory, the fact of this conviction and that he will forever be a felon, will deter him from future criminal activity.  Mr. Celaya would also welcome continued assistance with alcohol abuse via the federal courts as he wants to come out of this being a sober individual.

He is an important member of his family who assists his parents with paying for the household expenses.  He has always contributed to his family and is concerned on the impact on his family, if he is incarcerated and unable to contribute financially.

**Conclusion**

Mr. Celaya asks the Court to consider all he has done right in the past, to consider all he is doing to address the real issues he must improve on, to believe him when he states he "sincerely reget[s]" his actions and will not "ever make these mistakes again." He has a job offer with a local ice cream company which he hopes to work at, after his court date, so he can return to be a productive member of society, going forward with new tools to address old negative habits which have led him astray.

Respectfully submitted:  October 21, 2024.

JON M. SANDS
Federal Public Defender

 s/Jeanette E. Alvarado
JEANETTE E. ALVARADO
Assistant Federal Public Defender